DAVID B. BARLOW, United States Attorney (#13117)
CY H. CASTLE, Assistant United States Attorney (#4808)
PETER KUHN, Special Assistant United States Attorney (#3280)
Attorneys for the United States of America
185 South State Street, Ste. 300 • Salt Lake City, Utah 84111
Telephone: (801) 325-3285 • Facsimile: (801) 325-3387

FILED
U.S. DISTRICT COURT
2014 MAY -7 P 2:45
DISTRICT OF UTAH
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>ANTHONY ZUFELT,<br>Defendant. | Case: 2:14cr00235<br>Assigned To : Stewart, Ted<br>Assign. Date : 5/7/2014<br>Description: USA v.<br><br>INDICTMENT<br><br>Vio. 18 U.S.C. § 152(2) (False Bankruptcy Oath)(Count 1); 18 U.S.C. § 2 (Aiding and Abetting) |

The Grand Jury charges:

The Bankruptcy Process

1. A voluntary bankruptcy case is begun by the filing of a bankruptcy petition, and the person who files that petition is a "debtor" under federal bankruptcy law. The process is conducted in a federal court and is governed by the United States Bankruptcy Code, which is found in Title 11 of the United States Code.

2. Upon the filing of a bankruptcy petition, a debtor is required by law to fully disclose his or her financial circumstances, including, among other things, assets, liabilities, income from prior years, and any anticipated increase in income. Assets include real, personal, tangible and intangible property, whether or not the asset is held in the debtor's name or held in

the name of another person or entity on behalf of the debtor. A bankruptcy "estate" is created upon the filing of a bankruptcy petition, which is a collective reference to all legal or equitable interests of the debtor in property at the time of the bankruptcy filing. The estate includes all property in which the debtor has an interest, even if it is owned or held by another person.

3. The financial circumstances of the debtor are disclosed to the bankruptcy court by the debtor in a series of bankruptcy forms called the "Schedules of Assets and Liabilities," and on a separate bankruptcy form called a "Statement of Financial Affairs." These forms are signed by the debtor under penalty of perjury.

4. If a bankruptcy trustee is assigned to the bankruptcy case, he or she is responsible for the administration of the debtor's bankruptcy estate, including the identification and liquidation of assets and the distribution of proceeds to creditors. All debtors are required to attend a Section 341 Meeting of Creditors, at which the debtor is placed under oath by the bankruptcy trustee and questioned about his or her financial affairs, including, but not limited to, the bankruptcy petition, the Schedules of Assets and Liabilities, and the Statement of Financial Affairs.

5. Bankruptcy provides debtors with an opportunity to obtain a fresh financial start through the discharges of their debts. A discharge depends upon the debtor's disclosure of a true and accurate picture of his or her financial affairs.

**COUNT 1**
**18 U.S.C. § 152(2)**
**(False Bankruptcy Oath)**

6. On or about May 11, 2009, in the Central Division of the District of Utah,

**ANTHONY ZUFELT,**

defendant herein, knowingly and fraudulently made a material false statement under oath in and in relation to a case under Title 11, In re Anthony Zufelt, Case No. 09-2311, by falsely testifying under oath in a proceeding before the case trustee at a meeting of creditors as underscored below:

Question: In being the trustee of your case as well so that was really what that was about; have you received and read the bankruptcy information sheet?

Answer: Yes.

Question: Are the statements and schedules you filed in the case truthful, accurate and complete?

Answer: <u>Yes</u>.

Question: Did you carefully review the documents prior to signing them?

Answer: Yes.

Question: And did you personally sign them before they were filed with the court?

Answer Yeah.

Question: So you don't own any real estate?

Answer: Not currently no.

Question: Okay and have you in the past?

Answer: <u>Yes</u>.

Question: Uh what happened to it?

Answer: <u>I had a home in Syracuse that was sold in…</u>

Question: When was that?

Answer: Two thousand seven.

Question: Kay.

Answer: Actually it was in two thousand eight that it was sold.

Defendant made the foregoing false declarations knowing full well the following:

1. He had transferred his real property at 6451 South Hwy 88 Randlett, Utah to G.J. within two years immediately preceding the commencement of his case and failed to disclose the transfer in response to question 10 of his Statement of Financial Affairs.

2. He had owned more than the one piece of real estate in the past.

3. He had transferred his interest in Pelican Lake Café, LLC, to G.J. within two years immediately preceding the commencement of his case and failed to disclose the transfer in response to Question 10 of his Statement of Financial Affairs.

4. He transferred his 2004 Ford F-350 pickup truck, two Yamaha Four-Wheelers and two trailers to S.M and failed to disclose the transfers in response to Question 10 of his Statement of Financial Affairs.

5. He had failed to disclose his interest in Pelican Lake Café, LLC in response to Question 18 of the Statement of Financial Affairs.

6, He had failed to disclose on Schedule F of his Schedules of Assets and Liabilities the amount of the unsecured claim of approximately $252,000 of R.H. and C.H.; amount of the unsecured claim of approximately $252,000 of K.H. and H.H.; and amount of the unsecured claim of approximately $237,000 of R.P., totalling approximately $741,000 in additional unsecured claims.

All in violation 18 U.S.C. §§ 152(2) and 2.

A TRUE BILL:

/s/

FOREPERSON OF THE GRAND JURY

DAVID B. BARLOW
United States Attorney

CY H. CASTLE
Assistant United States Attorneys
PETER KUHN
Special Assistant United States Attorney