DAVID B. BARLOW, United States Attorney (#13117)
CY H. CASTLE, Assistant United States Attorney (#4808)
PETER KUHN, Special Assistant United States Attorney (#3280)
Attorneys for the United States of America
185 South State Street, Ste. 300 • Salt Lake City, Utah 84111
Telephone: (801) 325-3285 • Facsimile: (801) 325-3387

FILED
U.S. DISTRICT COURT

2014 MAY 21  A 9: 49

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY ZUFELT,<br><br>Defendant. | Case: 2:14-cr-00235-1<br>Assigned To : Stewart, Ted<br>Assign. Date : 05/07/2014<br>Description: USA v. Zufelt<br><br>SUPERSEDING INDICTMENT<br><br>Vio. 18 U.S.C. § 152(2) (False Bankruptcy Oath)(Count 1); 18 U.S.C. § 2 (Aiding and Abetting) |

The Grand Jury charges:

The Bankruptcy Process

1. A voluntary bankruptcy case is begun by the filing of a bankruptcy petition, and the person who files that petition is a "debtor" under federal bankruptcy law. The process is conducted in a federal court and is governed by the United States Bankruptcy Code, which is found in Title 11 of the United States Code.

2. Upon the filing of a bankruptcy petition, a debtor is required by law to fully disclose his or her financial circumstances, including, among other things, assets, liabilities, income from prior years, and any anticipated increase in income. Assets include real, personal, tangible and intangible property, whether or not the asset is held in the debtor's name or held in

the name of another person or entity on behalf of the debtor. A bankruptcy "estate" is created upon the filing of a bankruptcy petition, which is a collective reference to all legal or equitable interests of the debtor in property at the time of the bankruptcy filing. The estate includes all property in which the debtor has an interest, even if it is owned or held by another person.

3. The financial circumstances of the debtor are disclosed to the bankruptcy court by the debtor in a series of bankruptcy forms called the "Schedules of Assets and Liabilities," and on a separate bankruptcy form called a "Statement of Financial Affairs." These forms are signed by the debtor under penalty of perjury.

4. If a bankruptcy trustee is assigned to the bankruptcy case, he or she is responsible for the administration of the debtor's bankruptcy estate, including the identification and liquidation of assets and the distribution of proceeds to creditors. All debtors are required to attend a Section 341 Meeting of Creditors, at which the debtor is placed under oath by the bankruptcy trustee and questioned about his or her financial affairs, including, but not limited to, the bankruptcy petition, the Schedules of Assets and Liabilities, and the Statement of Financial Affairs.

5. Bankruptcy provides debtors with an opportunity to obtain a fresh financial start through the discharges of their debts. A discharge depends upon the debtor's disclosure of a true and accurate picture of his or her financial affairs.

/

/

/

/

## COUNT 1
## 18 U.S.C. § 152(2)
## (False Bankruptcy Oath)

6. On or about May 11, 2009, in the Central Division of the District of Utah,

**ANTHONY ZUFELT,**

defendant herein, knowingly and fraudulently made a material false statement under oath in and in relation to a case under Title 11, In re Anthony Zufelt, Case No. 09-2311, by falsely testifying under oath in a proceeding before the case trustee at a meeting of creditors as underscored below:

Question: In being the trustee of your case as well so that was really what that was about; have you received and read the bankruptcy information sheet?

Answer: Yes.

Question: Are the statements and schedules you filed in the case truthful, accurate and complete?

Answer: <u>Yes</u>.

Question: Did you carefully review the documents prior to signing them?

Answer: Yes.

Question: And did you personally sign them before they were filed with the court?

Answer Yeah.

Question: So you don't own any real estate?

Answer: Not currently no.

Question: Okay and have you in the past?

Answer: <u>Yes</u>.

Question: Uh what happened to it?

Answer: <u>I had a home in Syracuse that was sold in…</u>

3

Question:     When was that?

Answer:       Two thousand seven.

Question:     Kay.

Answer:       Actually it was in two thousand eight that it was sold.

Defendant made the foregoing false declarations knowing full well the following:

1. He had transferred his real property at 6451 South Hwy 88 Randlett, Utah to G.J. within two years immediately preceding the commencement of his case and failed to disclose the transfer in response to question 10 of his Statement of Financial Affairs.

2. He had owned more than the one piece of real estate in the past.

3. He had transferred his interest in Pelican Lake Café, LLC, to G.J. within two years immediately preceding the commencement of his case and failed to disclose the transfer in response to Question 10 of his Statement of Financial Affairs.

4. He transferred his 2004 Ford F-350 pickup truck, two Yamaha Four-Wheelers and two trailers to S.M and failed to disclose the transfers in response to Question 10 of his Statement of Financial Affairs.

5. He had failed to disclose his interest in Pelican Lake Café, LLC in response to Question 18 of the Statement of Financial Affairs.

6, He had failed to disclose on Schedule F of his Schedules of Assets and Liabilities the amount of the unsecured claim of approximately $252,000 of R.H. and C.H.; amount of the unsecured claim of approximately $252,000 of K.H. and H.H.; and amount of the unsecured claim of approximately $237,000 of R.P., totalling approximately $741,000 in additional unsecured claims.

All in violation 18 U.S.C. §§ 152(2) and 2.

## NOTICE OF INTENT TO SEEK FORFEITURE

As a result of committing the felony offense alleged in Count 1 of this superseding indictment, which are punishable by imprisonment for more than one year, the defendant shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 any and

all property, real and personal, constituting proceeds deriving from violations of 18 U.S.C. § 152, including but not limited to the following:

- Real property at 6451 South Hwy 88 Randlett, Utah;
- Any and all interest in Pelican Lake Café, LLC ~~Zuflet~~ Zufelt transferred to G..J and T.J.;
- 2007 Yamaha 4-Wheeler Off-Road Vehicle, Serial Number 5Y4AJ16467A0116822007;
- Yamaha 4- Wheeler Off-Road Vehicle, Serial Number 5Y4AJ16457A014881;
- 2006 Legend Car Charmac Trailer, Serial Number 4RYC202096;
- 2006 ATV 300FD Trailer, Serial Number 1A9AF12256U027384; and
- 2004 Ford Truck, Serial Number 5Y4AJ16457A014881.
- MONEY JUDGMENT in the approximate amount of three hundred thousand dollars ($300,000), representing the value of the proceeds obtained by the defendant in connection with the above-referenced offenses

SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

        (1) cannot be located upon the exercise of due diligence;

        (2) has been transferred or sold to, or deposited with, a third person;

        (3) has been placed beyond the jurisdiction of the court;

        (4) has been substantially diminished in value; or

        (5) has been commingled with other property which cannot be divided without

difficulty;

It is the intent of the United States, pursuant to 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p), to

seek forfeiture of any other property of said defendant up to the value of the above-forfeitable property.

A TRUE BILL:

/S/
FOREPERSON OF THE GRAND JURY

DAVID B. BARLOW
United States Attorney

CY H. CASTLE
Assistant United States Attorneys
PETER KUHN
Special Assistant United States Attorney

6