IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br>v.<br><br>ANTHONY ZUFELT,<br><br>           Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE<br><br><br><br>Case No. 2:14-CR-235 TS<br><br>Judge Ted Stewart |

This matter is before the Court on the United States of America's Motion in Limine for the Introduction of Business Records pursuant to the Self-Authentication Provisions of Fed. R. Evid. 902(11). Defendant Anthony Zufelt did not respond to the Motion. For the reasons set forth below, the Court will grant the Motion.

The United States has produced in discovery a series of documents from various entities. The custodians of record from these entities have provided certifications of the authenticity of the documents that are likely to be used at trial. The United States moves for the admission of those records under Rule 902.

Rule 902 provides for the admission of self-authenticating documents without extrinsic evidence of their authenticity. Specifically, Rule 902(11) provides:

> The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian . . . . Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them.

1

Rule 803 provides for exceptions to the rule against hearsay evidence including records of a regularly conducted activity. Rule 803(6)(A)-(C) defines a record of a regularly conducted activity as:

> A record of an act, event, condition, opinion, or diagnosis if: (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity.

The United States has satisfied each of the required elements of the Rules. The United States has provided written notice of its intention to offer the records into evidence and it has made the records and declarations available for inspection in order to provide Defendant with a fair opportunity to challenge them. Further, the certifications the United States provided indicate that the documents were created at or near the time indicated, they were kept in the course of regularly conducted business activity, and making the documents was a regular practice of the activity.

It is therefore

ORDERED that the United States' Motion in Limine (Docket No. 65) is GRANTED.

DATED this 29th day of June 2015.

BY THE COURT:

_____
TED STEWART
United States District Judge
